UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM,<br><br>　　Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>　　Defendants. | Case No. 1:14-cv-00580-RRB<br><br>**DISMISSAL ORDER** |

　　Patricia A. McColm, a state prisoner appearing *pro se* and *in forma pauperis*,[1] filed a civil rights complaint in this Court.[2] The complaint arises out of Plaintiff's incarceration at the California Correctional Facility for Women, Chowchilla, California.[3] Although it is unclear from the Complaint, it appears that Plaintiff brings her action under the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000a, *et seq*.), the Americans with Disabilities Act (42 U.S.C. §§ 12101, *et seq.*), the Age Discrimination in Employment Act of 1967, as amended (42 U.S.C. §§ 2000e-2, *et seq.)*, as well as several state-law claims.[4]

---

　　[1] Docket 9.

　　[2] Plaintiff, appearing *pro se* and *in forma pauperis*, filed two other actions in this district: *McColm v. Trinity County*, 2:12-cv-01984-MCE-CMK (unscreened); and *McColm v. Trinity County*, 2:14-cv-00773-KJM-CKD (dismissed, February 9, 2015).

　　[3] It appears from the record that Plaintiff has since been released from custody. Docket 10.

　　[4] In addition to the State of California, Plaintiff names as Defendants: California Department of Corrections and Rehabilitation; California Correctional Women's Facility; (continued...)

**I.     SCREENING STANDARD**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[6] Likewise, a prisoner must exhaust all administrative remedies as may be available,[7] irrespective of whether those administrative remedies provide for monetary relief.[8]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[9] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

[4] (...continued)
California Correctional Health Care Services; 65 named individuals; and 250 Does.

[5] 28 U.S.C. § 1915A(a).

[6] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[7] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[8] *See Booth*, 532 U.S. at 734.

[9] Fed. R. Civ. P. 8(a)(2).

accusation."[10]  Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[11]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[12]  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[13]  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[14]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[15]

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[11] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[12] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[13] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[14] *Id.*

[15] *Id.* (quoting *Twombly*, 550 U.S. at 555).

## II. DISCUSSION

Prisoner *pro se* pleadings are given the benefit of liberal construction.[16] While this Court must liberally construe papers filed by *pro se* parties, *pro se* parties must none-the-less follow the applicable rules of practice and procedure.[17] The Complaint before the Court reads in narrative form. Under the simplified standard of Federal Rule of Civil Procedure 8, "a plaintiff need only plead sufficient allegations of underlying facts to to give fair notice and enable the opposing party to defend itself effectively. . ..".[18] As presently drafted it is extremely difficult, if at all possible, to determine from the Complaint which act or acts of each Defendant violated which of Plaintiff's rights. Plaintiff alleges a multitude of different acts without clearly specifying which Defendant(s) committed which act.[19] The major deficiencies in the Complaint are summarized as follows.

*Medical Malpractice*

---

[16] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[17] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled in part on other grounds in *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc)).

[18] *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1033 (9th Cir. 2014) (internal quotation marks and citation omitted)

[19] The Complaint consists of numerous unnumbered paragraphs, undivided into causes of action. In amending her Complaint Plaintiff should: (1) number the paragraphs sequentially; and (2) divide her Complaint into separate claims/causes of action to the extent that the claim is directed towards different defendants, arising out of different acts or on different dates. The Complaint must be drafted in a manner that permits each defendant to ascertain which act or acts he or she is being called upon to respond.

Plaintiff's Complaint is directed at several medical care providers. The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[20]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[21] In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[22] "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[23] A mere difference of medical opinion regarding the course of medical

---

[20] *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks, and citations omitted).

[21] *Id.* at 106.

[22] *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[23] *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation).

treatment is "insufficient as a matter of law, to establish deliberate indifference."[24] To the extent that Plaintiff complains about the level of her medical care, her allegations, even accepted on their face as true, fall far short of this standard.

*Conspiracy*

Plaintiff makes a general, omnibus allegation that the Defendants in doing the myriad of acts alleged were doing so in the furtherance of some grand conspiracy. Plaintiffs must plead the basic elements of a civil conspiracy: an agreement and concerted action amongst the defendants in the furtherance of that agreement.[25] As presently drafted, the Complaint falls far short of meeting this standard.

*Supervisor Liability*

Section 1983 suits do not support vicarious liability, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights.[26] As presently constituted the Complaint appears to name some of the Defendants solely in their

---

[24] *Toguchi*, 391 F.3d at 1059–60 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

[25] *See Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 990–91 (9th Cir. 2006); *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) (noting that a bare allegation of a conspiracy is almost impossible to defend against where numerous individuals are concerned).

[26] *Iqbal*, 556 U.S. at 677; *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation).

DISMISSAL ORDER
McColm v. State, 1:14-cv-00580-RRB – 6

supervisory capacity without alleging that they participated in, directed, or knowingly failed to prevent the deprivation of Plaintiff's right(s).[27]

*State/Official Capacity Individuals*

Plaintiff's complaint to the extent it seeks compensatory damages as against the State of California and its agencies is barred by the Eleventh Amendment.[28] The same result holds for the individual defendants sued in their official capacities.[29] To the extent Plaintiff seeks injunctive relief, because she is no longer in custody, this Court cannot grant her effective relief, thereby rendering that claim moot. Thus, Plaintiff's claims against California, its agencies and the individuals in their official capacity must be dismissed.

*Validity of the Conviction*

Although it is unclear from the Complaint, it appears that Plaintiff may be challenging her conviction.[30] To the extent Plaintiff is challenging the *fact* of her custody, not the conditions, it must be brought in a petition for *habeas corpus* relief under 28 U.S.C. § 2254.[31] Consequently, Plaintiff's allegations concerning her conviction are surplusage.

---

[27] *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.") (citations omitted)).

[28] *Brown v. Oregon Dept. of Corr.*, 751 F.3d 983, 989 (9th Cir. 2014).

[29] *Id.; Armstrong v. Wilson*, 124 F.3d 1019, 1025–26 (9th Cir. 1997).

[30] Complaint, pp. 4–5.

[31] *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within the heart of habeas corpus, (continued...)

*Doe Defendants*

To the extent that Plaintiff names Doe defendants in her Complaint: "As a general rule, the use of 'John Doe' to identify a defendant is not favored."[32] However, where the identity of the unknown defendants is not known prior to the filing of the complaint, a plaintiff should be given an opportunity to discover the true identity of the of the unknown defendants unless it is clear that discovery would not reveal their identities.[33] In its present state, it is unclear whether the Complaint meets this standard.

*State Law Claims*

To the extent that Plaintiff alleges that the actions of Defendants violated state law, § 1983 does not provide a cause of action for those claims.[34] Except to the extent Plaintiff pleads a viable federal claim against the Defendant(s) this Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims.[35] Accordingly, this Court will

---

[31] (...continued)
whereas a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.") (internal quotation marks and citation omitted)).

[32] *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980); *see Wiltsie v. California Dep't of Corrections,* 406 F.2d 515, 518 (9th Cir.1968) ("The action was also properly dismissed as to the fictitious defendants identified only as 'Does', in the complaint as amended.").

[33] *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie*).

[34] *Loftis v. Almagar*, 704 F.3d 645, 647 (9th Cir. 2012) (*citing Estelle*, 502 U.S. at 67).

[35] "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c).

exercise its supplemental jurisdiction over state law claims solely to the extent that the same act also gives rise to a cognizable federal claim.

*Filing Fee*

As noted above, the record reflects that Plaintiff is no longer incarcerated. Plaintiff was granted leave to proceed *in forma pauperis* based upon her status as prisoner under the Prison Litigation Reform Act ("PLRA").[36] Once she was released from custody, Plaintiff ceased being a prisoner.[37] Consequently, at that point, there was no longer a prisoner trust account from which payment could be made.[38] The PLRA by its express terms does not waive the filing fee.[39] Therefore, as a condition of proceeding in this Court, Plaintiff must pay the filing fee.

### III.   ORDER

Accordingly, the Complaint on file herein is **DISMISSED** without leave to amend as to the State of California, California Department of Corrections and Rehabilitation, California Correctional Women's Facility, California Correctional Health Care Services, and all individual Defendants in their official capacity. As to all Defendants sued in their individual capacities the Complaint is **DISMISSED**, with leave to amend.[40]

---

[36] 28 U.S.C. § 1915.

[37] *See Page v. Torrey*, 201 F.3d 1136, 1129–40 (9th Cir. 2000).

[38] *See* 28 U.S.C. § 1915(b).

[39] *Id.*

[40] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.");
(continued...)

Not later than **April 3, 2015**, Plaintiff must file an amended complaint consistent with this Order that complies with the Federal Rules of Civil Procedure and the local rules of the Eastern District of California, accompanied by the full amount of the unpaid filing fee.

**If Plaintiff fails to comply with the terms of this Order by April 3, 2015, or such other date as the Court may order, the Court may, without further notice, enter a judgment of dismissal of this action without prejudice.**[41]

**IT IS SO ORDERED** this 3rd day of March, 2015.

S/ RALPH R. BEISTLINE<br>UNITED STATES DISTRICT JUDGE

---

[40] (...continued)
*Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile).

[41] *See* Fed. R. Civ. P. 41(b).