UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | CASE No. 1:14-cv-00580-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 40)** |

Plaintiff is a former state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983 and other state and federal laws. On January 11, 2017, Plaintiff filed her fifth motion for an extension of time to file an amended complaint. (ECF No. 34.) The Magistrate Judge denied the motion and ordered Plaintiff to file an amended complaint within thirty days. (ECF No. 39.) Plaintiff seeks reconsideration by the undersigned. (ECF No. 40.)

Federal Rule of Civil Procedure 72(a) allows parties to file objections to nondispositive orders decided by a Magistrate Judge. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. Similarly, Local Rule 303(c) allows parties to seek reconsideration by a District Judge of a Magistrate Judge's pretrial rulings. Local Rule 303(c). The assigned District Judge shall review all such requests for

1

reconsideration under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). Local Rule 303(f) (citing Fed. R. Civ. P. 72(a)).

Plaintiff does not present a basis for reconsideration under this standard. As the Magistrate Judge pointed out, Plaintiff has been afforded nearly two years in which to file her amended complaint. Her motions for extensions of time reflect that she has a serious medical condition. However, medical documents submitted with the motions do not justify the nearly two-year delay in Plaintiff filing her amended pleading. Plaintiff previously was advised that further requests for extension of time would be looked upon with disfavor, and could result in dismissal of the action without further notice. (ECF No. 30.) She nonetheless sought an additional extension of time on grounds similar to those that previously were presented. The Magistrate Judge concluded that Plaintiff failed to present good cause for a further extension of time. Plaintiff does not show that this conclusion was clearly erroneous or contrary to law.

To the extent Plaintiff suggests she must be afforded accommodations pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, neither statute applies here. The plain language of Title II the ADA excludes the federal government from the reach of the statute. 42 U.S.C. § 12131(1) (defining a "public entity" as any state or local government, instrumentality thereof, or the National Railroad Passenger Corporation). Additionally, several courts have found that the ADA does not apply to the federal government. See, e.g., Mary Jo. C. v. N.Y. State & Local Ret. Sys., 707 F.3d 144, 170 n.11 (2d Cir. 2013) ("Title II of the ADA is not applicable to the federal government[.]" (citation and internal quotation marks omitted)); Henrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003) ("[T]he entire federal government is excluded from the coverage of the ADA"). Similarly, the Rehabilitation Act does not apply to the federal courts: it only covers Executive agencies, the United States Postal Service, and certain categories of programs and activities receiving Federal funding. See 29 U.S.C. § 794(a). Those programs and activities do not include the courts. See 29 U.S.C. § 794(b).

Based on the foregoing, Plaintiff's motion for reconsideration is HEREBY DENIED. Plaintiff shall file an amended complaint within thirty days of the date of this order. Failure to do so will result in dismissal of the action.

IT IS SO ORDERED.

Dated: **February 6, 2017**     /s/ Lawrence J. O'Neill
                                UNITED STATES CHIEF DISTRICT JUDGE