UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 1:14-cv-00580-LJO-JDP<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE CLAIM, FAILURE TO COMPLY WITH COURT ORDERS, AND FAILURE TO PROSECUTE<br><br>ORDER PERMITTING PLAINTIFF TO SUBMIT RENEWED MOTION FOR RECRUITMENT OF COUNSEL<br><br>THIRTY (30) DAY DEADLINE<br><br>(ECF No. 63) |

**I.  Introduction**

Plaintiff Patricia A. McColm is a former prisoner proceeding in this civil rights action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act ("RA").  This case arises from alleged discriminatory and retaliatory conduct by the defendants based on plaintiff's race, age, and disability while confined at Central California Women's Facility in Chowchilla, California ("Chowchilla").  Plaintiff has since been released from prison and is pursuing this case without the assistance of counsel.

Plaintiff has filed a second amended complaint.  (ECF No. 63.)  On August 9, 2018, the undersigned recommended that this case be dismissed with prejudice based on plaintiff's repeated failure to cure pleading deficiencies and to comply with court orders.  (ECF No. 64.)

Plaintiff has filed objections to the findings and recommendations. (ECF No. 67.) The undersigned has reconsidered its recommendation to dismiss this case with prejudice at this time, and will vacate the August 9, 2018 findings and recommendations to permit plaintiff to file a renewed motion for recruitment of counsel. The renewed motion must be filed within 30 days of this order. If recruitment of counsel is warranted, the court will grant leave to file an amended complaint with the assistance of counsel. If it is not, the court will recommend dismissal and will consider whether dismissal with or without prejudice is appropriate.

## II. Background

### a. Original Complaint

Plaintiff filed the complaint initiating this action on April 22, 2014, while she was a state prisoner at Chowchilla. (ECF No. 1.) The complaint was: (1) 27-pages long, (2) written in narrative form, and (3) brought against 69 named defendants and Does 1-250 in their official and individual capacities. (*Id*.)

The court screened the original complaint and dismissed (1) the State of California, (2) California Department of Corrections and Rehabilitation, (3) California Correctional Women's Facility, (4) California Correctional Health Care Services, and (4) all individual defendants in their official capacity without leave to amend. (ECF No. 13, at 7.) The court explained that the State of California and its agencies were immune from liability and that injunctive relief could not be granted against the defendants in their official capacities because plaintiff was no longer in custody at the time of screening. (*Id*.)

In the same order, the court identified several pleading deficiencies:

First, the court stated that the complaint reads in narrative form and that under Federal Rule of Civil Procedure 8, "a plaintiff need only plead sufficient allegations of underlying facts to give fair notice and enable the opposing party to defend itself effectively." (*Id*. at 4, quoting *Merritt v. Countrywide Fin. Corp*., 759 F.3d 1023, 1033 (9th Cir. 2014)). The court noted that it was "extremely difficult, if at all possible, to determine from [plaintiff's complaint] which act or acts of each [d]efendant violated which of [p]laintiff's rights"

because plaintiff had alleged "a multitude of different acts without clearly specifying which Defendant(s) committed which act." (*Id*.)

Second, plaintiff appeared to have named certain defendants solely in their supervisory capacity without alleging that they participated in, directed, or knowingly failed to prevent the deprivation of plaintiff's rights. (*Id*. at 6-7.) The court explained that claims against supervisors based upon vicarious liability were not supported in civil rights cases brought under 42 U.S.C. § 1983. (*Id*.)

Third, plaintiff had named Doe defendants 1-250 in the caption of her complaint. The court explained that the use of Doe defendants is disfavored, but plaintiff could be permitted to proceed with the Doe defendants if discovery would reveal the identity of the unknown defendants. (*Id*. at 8.) It was unclear whether plaintiff's complaint met that standard. (*Id*.)

Finally, the court concluded that it would not exercise supplemental jurisdiction over plaintiff's state law claims unless the same act alleged in the state claim also gave rise to a cognizable federal claim. (*Id*. at 8-9.)

The claims against the defendants in their individual capacities were dismissed with leave to amend, and plaintiff was ordered to file a First Amended Complaint curing the deficiencies by April 3, 2015. (*Id*. at 9-10.)

**b. Reconsideration of screening order and request for appointment of attorney**

Fourteen days after entry of the screening order, plaintiff filed a motion to alter or amend order of dismissal requesting reconsideration of the screening order. (ECF No. 14.) After evaluating this motion for reconsideration, the court agreed with plaintiff that she should be permitted to proceed against "the State, the State entities, and the individuals acting in their official capacities" with respect to her claim brought under the ADA. (ECF No. 19.)

Prior to filing her First Amended Complaint, plaintiff filed a motion requesting "appointment of attorney for good cause." (ECF No. 31.) Plaintiff indicated that she "made substantial efforts to obtain counsel to prosecute this action," but attorneys told her that her case would be "expensive to prosecute." (*Id*. at 1-2.) Additionally, plaintiff argued that her

financial situation, remote location, her disability, and the complexity of the case warranted appointment of counsel. (*Id*. at 2-5.) The court entered an order denying the motion to appoint counsel without prejudice until such time that the case had proceeded past the screening stage, the defendants had appeared, and a responsive pleading had been filed. (*See* ECF No. 32.)

### c. First Amended Complaint

Plaintiff received numerous extensions of time to file her First Amended Complaint. (ECF Nos. 14-41.) Over two years elapsed from the time that plaintiff's complaint was dismissed until March 13, 2017, when plaintiff ultimately filed her First Amended Complaint. Plaintiff's First Amended Complaint ("FAC") was (1) 80 pages and 387 numbered paragraphs in length, and (2) brought against 72 named defendants and Does 1-100 in their individual and official capacities. (ECF No. 42.)

The court screened the FAC and dismissed it for failure to state a claim on which relief may be granted. (ECF No. 47.) The screening order stated that the FAC suffered from the same pleading deficiencies as the original complaint in that it was "so disjointed, littered with irrelevant information, and, quite simply, so broad and confusing as to leave the [c]ourt unable to address individually each of its allegations." (*Id*. at 6.) The court again concluded that plaintiff failed to cure issues with improper linkage—the FAC referred to "defendants" or "Does" in the collective and rarely ascribed conduct to a particular defendant as required by 42 U.S.C. § 1983. (*Id*. at 3, 6 ("[Plaintiff] may not simply provide a list of bad things that happened to her and say that all Defendants or a group of them did or enabled those bad things as she has done in her earlier pleadings.")) Finally, the court again identified pleading issues concerning the Doe defendants. (ECF No. 47 at 7-8.) The court noted that plaintiff has not described how each Doe defendant personally participated in a violation of her rights, and also noted that plaintiff "must link each individual Doe, identified as Doe 1, Doe 2, and so on, to a specific constitutional violation." (*Id*.)

The court thoroughly analyzed the FAC and recommended dismissal with prejudice of

all except for the following claims: (1) Americans with Disabilities Act, (2) First Amendment retaliation, (3) Fourteenth Amendment access to courts, (4) Eighth Amendment excessive force, and (5) Eighth Amendment failure to protect. (*Id*. at 18.) The court dismissed these five claims with leave to amend.[1]

Plaintiff was directed to file a Second Amended Complaint curing the deficiencies identified by the screening order within 30 days. (*Id*. at 19.) Plaintiff was warned that failure to file a Second Amended Complaint comporting with the limits identified in the screening order would result in dismissal of the action with prejudice for failure to comply with a court order, failure to state a claim, and failure to prosecute. (*Id*.) Plaintiff was specifically instructed to review the screening order thoroughly and to "file an amended complaint only with regard to the five claims analyzed in the screening order." (*Id*. at 17-18.) The court further advised plaintiff to "be brief" and to attempt to file an amended complaint of "twenty pages or less." (*Id*. at 18.)

The court ordered plaintiff to file the Second Amended Complaint by September 15, 2017. (*Id*. at 19.) However, plaintiff again requested and received numerous extensions of time. (ECF Nos. 48-62.) She eventually filed the Second Amended Complaint on July 2, 2018.

### d. Second Amended Complaint

Plaintiff's Second Amended Complaint ("SAC") tracks the FAC, though significantly adding to it—with 41 additional pages and approximately 100 paragraphs of new allegations. (ECF No. 63.) Specifically, the SAC is: (1) 121 pages and 485 numbered paragraphs in length, and (2) brought against 72 named defendants and Does 1-100 in their individual and official capacities. (*Id*.) In the SAC, plaintiff attempts to restate the claims that were previously dismissed with prejudice.

---

[1] The presiding district judge adopted the findings and recommendations in full. (ECF No. 53.)

### III. Discussion

#### a. Failure to comply with federal pleading standards

As currently drafted, the SAC should be dismissed primarily for the same reason as the original complaint and the FAC: failure to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need only provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). However, where the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a plausible claim for relief and dismissal is appropriate. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. Proc. 8(a)(2)).

A district court may dismiss a complaint for its length and lack of clarity under Rule 8. *See, e.g.*, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (collecting authorities). The law does not specify the proper length or the level of clarity that satisfies Rule 8, but allegations that violate Rule 8 include those that are "needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *See id*. at 1059 (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)).

Here, plaintiff was previously ordered to "be brief" and to attempt to file an amended complaint of "twenty pages or less." (ECF 47, at 18.) The court established these guidelines since it could "envision no reason why the five claims subject to amendment could not be amended and asserted in twenty pages or less." (*Id*.) Plaintiff responded by lengthening her complaint—filing an amended pleading that was 121 pages long even though her case had been curtailed by the court's dismissal of all but five of her claims.

Although we use length as a useful shorthand, the sheer length of the SAC is not the

fundamental problem. The SAC violates Rule 8 due not to its length but rather to the convoluted manner the allegations are expressed. The allegations of the SAC are *needlessly* lengthy, overly confusing, unnecessarily repetitive, and mostly irrelevant. Although the SAC is organized in numbered paragraphs, a substantial number of the paragraphs in the SAC consist of lengthy, multi-sentence passages that are difficult to decipher in part because the sentences in the paragraph do not consistently relate to the same concept. (*See, e.g.*, ¶¶ 102-03.) Plaintiff frequently includes legal conclusions and irrelevant information within these narrative passages. This type of pleading style makes impossible the task of a defendant—to either admit or deny the allegations of the paragraph. The Ninth Circuit pointed out in *Cafasso* that this type of pleading prejudices the opposing party, which may be unable to determine what claims and allegations must be defended or otherwise litigated. *See Cafasso*, 637 F.3d at 1059. The format of the SAC also imposes a burden upon the court, which must manage the litigation and so must understand what claims are made against which defendants. *See id*. For a court to devote a large quantity of resources to the cause of deciphering a largely-incomprehensible complaint would take judicial resources from other cases, prejudicing other litigants.[2] *See id*. ("Our district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations.")

The court is unable to decipher the nature of the allegations in the SAC against the defendants. Each of the 72 named defendants and 100 Doe defendants would encounter the same difficulty and would, therefore, be unable to defend themselves effectively. The SAC thus fails to give fair notice of the claims against the defendants and should be dismissed. *See Merritt*, 759 F.3d at 1033 (under federal pleading standards, a plaintiff need only plead sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively).

---

[2] Service of the pleading will also be burdensome to the U.S. Marshals Service due to the number of named defendants, and the court would likely receive numerous motions to dismiss and requests for clarification from the defendants due to the confusing nature of the allegations.

7

**b. Leave to amend, failure to prosecute and comply with court orders**

Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. Pro. 15(a)(2); *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016). "This policy is to be applied with extreme liberality." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). The court may decline to grant leave to amend only where there is a strong showing of: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of amendment, etc. *See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). The court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint. *See Cafasso*, 637 F.3d at 1058.

Deciding whether to dismiss a case for failure to prosecute is a matter committed to the court's discretion. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Involuntary dismissal is a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden for the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan*, 291 F.3d at 642. "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642-43.

The original complaint was filed in 2014, and this case has not proceeded past the screening stage. Long delays between the court's screening orders resulted from granting repeated requests for extensions of time. (*See* ECF No. 55, observing that plaintiff has "routinely requested, and generally received, extensions of Court deadlines, delaying the proceedings in this case in excess of two years.") The court has issued three screening orders under 28 U.S.C. § 1915A, and plaintiff has yet to file a pleading that has come close to satisfying federal pleading standards despite repeated instructions from the court on how to do so.

When the court screened the original complaint, it stated that it was "extremely difficult, if at all possible, to determine from [plaintiff's complaint] which act or acts of each [d]efendant violated which of [p]laintiff's rights" because plaintiff had alleged "a multitude of different acts without clearly specifying which Defendant(s) committed which act." (ECF No. 13, at 4.) The court encountered the same problem with the FAC. (ECF No. 47, at 6, concluding that the FAC "so disjointed, littered with irrelevant information, and, quite simply, so broad and confusing as to leave the [c]ourt unable to address individually each of its allegations.") In both prior screening orders, the court provided plaintiff with a detailed overview of federal pleading requirements. The court specifically instructed to "be brief" and attempt to file an amended complaint no longer than "twenty pages or less." (*Id*. at 18.) Plaintiff ignored these instructions, filing an amended complaint adding 41 pages and approximately 100 paragraphs of new allegations. The undersigned judge has now determined that the SAC also fails to add clarity, fails to comply with federal pleading standards, and should be dismissed.

The presiding district judge has dismissed all but five claims from this case with prejudice. (ECF No. 53.) Plaintiff was directed to file a SAC curing the deficiencies identified as to only the five remaining claims. (ECF Nos. 53; 47.) Plaintiff was warned that failure to file a SAC comporting with the limits identified in the screening order would result in dismissal of the action with prejudice "for failure to comply with a court order, failure to state a claim, and failure to prosecute . . . ." (ECF No. 47, at 19.) In disregard of these instructions, plaintiff did not limit the SAC to the five remaining claims. Instead, she filed an amended complaint containing more than 20 claims and reasserting all the claims previously dismissed with prejudice.

The excessive and unnecessary delay caused by failure to comply with court orders weighs in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Although the defendants have not yet been served with process, the potential for substantial prejudice to them exists as the case grows older. *See Pagtalunan*, 291 F.3d at 643

("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."). The public's interest in expeditious resolution of litigation and this court's need to manage its docket also weigh in favor of dismissal.

### c. Disposition

The undersigned previously concluded that dismissal with prejudice was warranted. (ECF No. 64.) In response to the recommendations, plaintiff indicated that her disability limits her ability to comply with court orders. (*See* ECF No. 67 at 11-12.) The undersigned has not concluded whether plaintiff's pleading failures in this case are a result of: (1) her inability to follow court orders due to her alleged disabilities; or (2) a willful refusal to follow court orders.

Plaintiff has indicated that she wishes to renew her previous request for recruitment of counsel. (*Id*. at 19.) A pro se litigant has no right to counsel in a civil action, *see Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), and a district court may only request an attorney to represent a pro se litigant who cannot afford an attorney, *see* 28 U.S.C. § 1915(e)(1). To decide whether to recruit counsel, the court considers two factors: (1) whether the pro se litigant has a "likelihood of success on the merits"; and (2) whether the pro se litigant can "articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor is dispositive, and the district court must consider both factors cumulatively. *Id*. Weighing the factors is a matter committed to the court's discretion, *see id*., and no bright-line rule dictates how the court should carry out that task.

The undersigned has reconsidered its recommendation to dismiss this case with prejudice at this time, and will vacate the August 9, 2018 findings and recommendations to permit plaintiff to file a renewed motion for recruitment of counsel. The renewed motion must be filed within 30 days of this order.[3] If recruitment of counsel is warranted, the court will grant leave to file an amended complaint with the assistance of counsel. If it is not, the

---

[3] Plaintiff can and should attempt to recruit counsel on her own during this time.

court will recommend dismissal of this case and will evaluate whether dismissal with or without prejudice is appropriate.

The court will require plaintiff to submit a declaration in support of her request to recruit counsel. The declaration and supporting documents must be filed on the public docket and include specific detail as to:

1) why plaintiff is unable to afford an attorney;
2) plaintiff's efforts to retain counsel on her own;
3) plaintiff's limitations in articulating her claims in light of the complexity of the legal issues involved; and
4) if plaintiff is claiming a medical limitation, medical records from treating providers.

### IV. Conclusion and order

Accordingly, (1) the August 9, 2018 findings and recommendations to dismiss this case with prejudice are vacated; and (2) within 30 days of this order, plaintiff may file a renewed motion for recruitment of counsel.

IT IS SO ORDERED.

Dated:   October 10, 2018

UNITED STATES MAGISTRATE JUDGE