| | |
|---|---|
| PATRICIA A. MCCOLM,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 1:14-cv-00580-LJO-JDP<br><br>ORDER DENYING RENEWED MOTION TO APPOINT COUNSEL<br><br>ECF No. 73 |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Patricia A. McColm is a former state prisoner proceeding without counsel in this civil rights action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act ("RA"). On October 11, 2018, the court issued an order permitting plaintiff to file a renewed motion for recruitment of counsel. ECF No. 71. We explained that if recruitment of counsel was warranted, we would grant leave to file an amended complaint with the assistance of counsel. *Id.* at 10. If we found that appointment was not warranted, we explained that we would recommend dismissal of this case. *Id.*

Plaintiff filed a renewed motion for appointment of counsel on November 15, 2018. ECF No. 72. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require that an attorney

1

represent plaintiff under 28 U.S.C. § 1915(e)(1), *see Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel under § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success on the merits [and] the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

Here, we do not find the requisite exceptional circumstances to appoint volunteer counsel. First, we cannot find that there is any likelihood of success on the merits. None of plaintiff's complaints have survived § 1915A screening, ECF Nos. 13 & 47, and plaintiff's latest complaint tracks the same content of a previous complaint that failed to state a claim, *see* ECF No. 63. Second, though we acknowledge plaintiff's disabilities, ECF No. 63 at 6, we do not find that plaintiff is inarticulate. Indeed, plaintiff's intelligence is apparent in her filings before this court.

**ORDER**

Accordingly, plaintiff's renewed motion for the appointment of counsel, ECF No. 72, is denied. Because we find that appointment of counsel is not warranted, we will recommend dismissal of this case in a separate order.

IT IS SO ORDERED.

Dated:  June 11, 2019                           _____
                                                UNITED STATES MAGISTRATE JUDGE

No. 203