UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 1:14-cv-00580-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE CLAIM, FAILURE TO COMPLY WITH COURT ORDERS, AND FAILURE TO PROSECUTE<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS<br><br>ECF No. 63 |

**I. Introduction**

Plaintiff Patricia A. McColm is a former prisoner proceeding in this civil rights action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act ("RA"). This case arises from alleged discriminatory and retaliatory conduct by the defendants based on plaintiff's race, age, and disability while confined at Central California Women's Facility in Chowchilla, California ("Chowchilla"). Plaintiff has since been released from prison and is pursuing this case without the assistance of counsel.

Plaintiff has filed a second amended complaint. ECF No. 63. We will recommend that this case be dismissed with prejudice based on plaintiff's repeated failure to cure pleading deficiencies and to comply with court orders.

## II. Background

### a. Original Complaint

Plaintiff filed the complaint initiating this action on April 22, 2014, while she was a state prisoner at Chowchilla. ECF No. 1. The complaint was: (1) 27-pages long, (2) written in narrative form, and (3) brought against 69 named defendants and Does 1-250 in their official and individual capacities. *Id*.

The court screened the original complaint and identified several pleading deficiencies:

First, the court stated that the complaint reads in narrative form and that under Federal Rule of Civil Procedure 8, "a plaintiff need only plead sufficient allegations of underlying facts to give fair notice and enable the opposing party to defend itself effectively." *Id*. at 4 (quoting *Merritt v. Countrywide Fin. Corp*., 759 F.3d 1023, 1033 (9th Cir. 2014)). The court noted that it was "extremely difficult, if at all possible, to determine from [plaintiff's complaint] which act or acts of each [d]efendant violated which of [p]laintiff's rights" because plaintiff had alleged "a multitude of different acts without clearly specifying which Defendant(s) committed which act." *Id*.

Second, plaintiff appeared to have named certain defendants solely in their supervisory capacities without alleging that they participated in, directed, or knowingly failed to prevent the deprivation of plaintiff's rights. *Id*. at 6-7. The court explained that claims against supervisors based upon vicarious liability were not supported in civil rights cases brought under 42 U.S.C. § 1983. *Id*.

Third, plaintiff named Doe defendants 1-250 in the caption of her complaint. The court explained that the use of Doe defendants is disfavored, but plaintiff could be permitted to proceed with the Doe defendants if discovery revealed the identities of the unknown defendants. *Id*. at 8. It was unclear whether plaintiff's complaint met that standard. *Id*.

Finally, the court concluded that it would not exercise supplemental jurisdiction over plaintiff's state law claims unless the same act alleged in the state claim also gave rise to a cognizable federal claim. *Id*. at 8-9.

The claims against the defendants in their individual capacities were dismissed with

leave to amend, and plaintiff was ordered to file a First Amended Complaint curing the deficiencies by April 3, 2015. *Id*. at 9-10. Plaintiff received numerous extensions of time to file her First Amended Complaint. ECF Nos. 14-41. Over two years elapsed from the time plaintiff's complaint was dismissed until March 13, 2017, when plaintiff filed her First Amended Complaint.

### b. First Amended Complaint

Plaintiff's First Amended Complaint ("FAC") was: (1) 80-pages long; (2) 387 numbered paragraphs in length; and (3) brought against 72 named defendants and Does 1-100 in their individual and official capacities. ECF No. 42.

The court screened the FAC and dismissed it for failure to state a claim on which relief may be granted. ECF No. 47. The screening order noted that the FAC suffered from the same pleading deficiencies as the original complaint in that it was "so disjointed, littered with irrelevant information, and, quite simply, so broad and confusing as to leave the Court unable to address individually each of its allegations." *Id*. at 6. The court concluded that plaintiff failed to cure issues with improper linkage—the FAC referred to "defendants" or "Does" in the collective and rarely ascribed conduct to a particular defendant as required by 42 U.S.C. § 1983. *Id*. at 3, 6 ("[Plaintiff] may not simply provide a list of bad things that happened to her and say that all Defendants or a group of them did or enabled those bad things as she has done in her earlier pleadings."). Finally, the court again identified pleading issues concerning the Doe defendants. *Id*. at 7-8. The court noted that plaintiff had not described how each Doe defendant personally participated in a violation of her rights, and also noted that plaintiff "must link each individual Doe, identified as Doe 1, Doe 2, and so on, to a specific constitutional violation." *Id*.

The court thoroughly analyzed the FAC and recommended dismissal with prejudice of all claims except for the following claims: (1) Americans with Disabilities Act, (2) First Amendment retaliation, (3) Fourteenth Amendment access to courts, (4) Eighth Amendment excessive force, and (5) Eighth Amendment failure to protect. *Id*. at 18. These five claims

were dismissed with leave to amend.[1]

Plaintiff was directed to file a Second Amended Complaint curing the deficiencies in the five claims identified by the screening order within 30 days. *Id*. at 19. The court warned plaintiff that failure to file a Second Amended Complaint comporting with the limits identified in the screening order would result in dismissal of the action with prejudice for failure to comply with a court order, failure to state a claim, and failure to prosecute. *Id*. Plaintiff was specifically instructed to review the screening order thoroughly and "file an amended complaint only with regard to the five claims analyzed in the screening order." *Id*. at 17-18. The court further advised plaintiff to "be brief" and attempt to file an amended complaint of "twenty pages or less." *Id*. at 18.

The court ordered plaintiff to file the Second Amended Complaint by September 15, 2017. *Id*. at 19. However, plaintiff again requested and received numerous extensions of time. ECF Nos. 48-62. Plaintiff ultimately filed a Second Amended Complaint on July 2, 2018.

### c. Second Amended Complaint

Plaintiff's Second Amended Complaint ("SAC") tracks the content of the FAC, and significantly adds to it—with 41 additional pages and approximately 100 paragraphs of new allegations. ECF No. 63. Specifically, the SAC (1) is 121 pages long; (2) contains 485 numbered paragraphs; and (3) is brought against 72 named defendants and Does 1-100 in their individual and official capacities. *Id*. Plaintiff attempts to restate the claims that were previously dismissed with prejudice.

## III. Discussion

### a. Failure to Comply with Federal Pleading Standards

The SAC should be dismissed primarily for the same reason as the original complaint and the FAC: failure to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain "a short and plain statement of the claim

---

[1] The presiding district judge adopted the findings and recommendations in full. ECF No. 53.

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need only provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)). However, where the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a plausible claim for relief and dismissal is appropriate. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. Proc. 8(a)(2)).

A district court may dismiss a complaint for its length and lack of clarity under Rule 8. *See, e.g.*, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (collecting authorities). The law does not specify the proper length or the level of clarity that satisfies Rule 8, but allegations that violate Rule 8 include those that are argumentative, needlessly lengthy, ambiguous, confusing, conclusory, repetitive, irrelevant, or incomprehensible. *See id*. at 1059.

Here, the allegations in the SAC are violative of Rule 8 in several ways. The allegations of the SAC are needlessly lengthy, overly confusing, unnecessarily repetitive, and mostly irrelevant. Due to the perplexing manner in which the SAC is pleaded, the court is again unable to ascribe specific conduct to particular defendants as required by 42 U.S.C. § 1983. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 915 (9th Cir. 2012) (explaining that claim brought under 42 U.S.C. § 1983 has a causation requirement with liability extending to those state officials who subject, or cause to be subjected, an individual to a deprivation of his federal rights). If the court is unable to decipher the nature of the allegations against the defendants, each of the 72 named defendants and 100 Doe defendants will likely encounter the same difficulty and would, therefore, be unable to defend themselves effectively. The SAC thus fails to give fair notice of the claims against the defendants and should be dismissed. *See Merritt*, 759 F.3d at 1033 (under federal pleading standards, a plaintiff need only plead sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively).

### b. Leave to Amend Should Be Denied

Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. Pro. 15(a)(2); *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016). "This policy is to be applied with extreme liberality." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). The court may decline to grant leave to amend only where there is a strong showing of: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of amendment, etc. *See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Leave to amend should be denied in this case because plaintiff has repeatedly and willfully refused to cure pleading deficiencies identified by the court. None of the three complaints filed by plaintiff have come close to satisfying the federal pleading standard. When the court screened the original complaint, it stated that it was "extremely difficult, if at all possible, to determine from [plaintiff's complaint] which act or acts of each [d]efendant violated which of [p]laintiff's rights" because plaintiff had alleged "a multitude of different acts without clearly specifying which Defendant(s) committed which act." ECF No. 13 at 4. The court encountered the same problem with the FAC. ECF No. 47 at 6 (concluding that the FAC "so disjointed, littered with irrelevant information, and, quite simply, so broad and confusing as to leave the [c]ourt unable to address individually each of its allegations"). In both prior screening orders, the court provided plaintiff with a detailed overview of federal pleading requirements. The court specifically instructed to "be brief" and attempt to file an amended complaint of "twenty pages or less." *Id.* at 18. Plaintiff ignored these instructions, filing an amended complaint that added 41 pages and approximately 100 paragraphs of new allegations. As discussed above, we are now recommending dismissal of the SAC for the same reason as the previous two iterations: failure to state a claim for relief under Rule 8.

Plaintiff has repeatedly refused to comply with the court's prior screening orders in

several additional ways. The presiding district judge has dismissed all but five claims from this case with prejudice. ECF No. 53. Plaintiff was directed to file a SAC curing the deficiencies identified as to only the five remaining claims. ECF Nos. 53; 47. Plaintiff was warned that failure to file a SAC comporting with the limits identified in the screening order would result in dismissal of the action with prejudice "for failure to comply with a court order, failure to state a claim, and failure to prosecute." ECF No. 47 at 19. In disregard of these instructions, plaintiff did not limit the SAC to the five remaining claims. Instead, she filed an amended complaint reasserting all the claims previously dismissed with prejudice.

Although the court acknowledges that plaintiff has made some incremental progress ascribing conduct to particular defendants and Does, the SAC remains woefully inadequate in this area despite the court's repeated instructions. The SAC also attempts to assert claims against supervisors relying on vicarious liability despite our having advised plaintiff that this is not permitted. These repeated failures warrant denial of leave to amend in this case. *See Integrated Storage Consulting Servs., Inc. v. Netapp, Inc.*, No. 5:12-cv-06209, 2016 WL 3648716, at *5 (N.D. Cal. July 7, 2016) (denying leave to amend as to a fraud claim in light of the plaintiff's repeated failure to cure deficiencies by amendments previously allowed).

### c. Dismissal with Prejudice

The undersigned also recommends that the court dismiss this case for plaintiff's failure to prosecute and failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Dismissal for a plaintiff's failure to prosecute or failure to comply with a court order operates as an adjudication on the merits unless the court orders otherwise. *See* Fed. R. Civ. P. 41(b). Deciding whether to dismiss a case with prejudice for failure to prosecute is a matter committed to the court's discretion. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Involuntary dismissal is a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden for the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan*, 291 F.3d at 642. "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642-43.

The original complaint was filed in 2014, and this case has not proceeded past the screening stage. Long delays between the court's screening orders resulted from plaintiff's repeated requests for extensions. *See* ECF No. 55 (observing that plaintiff has "routinely requested, and generally received, extensions of Court deadlines, delaying the proceedings in this case in excess of two years"). The court is now issuing its third screening order under 28 U.S.C. § 1915A, and plaintiff has yet to file a pleading that has come close to satisfying federal pleading standards despite the repeated expenditure of court resources providing instruction. This excessive and unnecessary delay weighs in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Although the defendants have not yet been served with process, the potential for substantial prejudice to them exists as the case grows older. *See Pagtalunan*, 291 F.3d at 643 ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.").

We will recommend that the court dismiss the case with prejudice. Although this is a harsh sanction, plaintiff has been warned that the failure to comply with the court's prior screening order would result in dismissal of the action with prejudice "for failure to comply with a court order, failure to state a claim, and failure to prosecute." ECF No. 47 at 19. Despite this warning, plaintiff refused to comply with the prior order. The public's interest in expeditious resolution of litigation and this court's need to manage its docket weigh in favor of dismissal with prejudice. The court has considered as a possible alternative a lesser sanction—dismissal without prejudice. However, if the court dismissed without prejudice, the court might again be in the same situation it finds itself in now if plaintiff refiled her case. Significant judicial resources have been expended screening plaintiff's pleadings and instructing her on filing an appropriate amended complaint.

**IV.  Recommendation**

We recommend that:

1. plaintiff's Second Amended Complaint, ECF No. 63, be dismissed for failure to state a claim for relief;
2. leave to amend be denied for plaintiff's repeated failure to cure deficiencies by amendments previously allowed; and
3. this case be dismissed with prejudice for failure to comply with court orders and failure to prosecute.

The undersigned submits the findings and recommendations to the district judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    June 12, 2019

UNITED STATES MAGISTRATE JUDGE