UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 1:14-cv-00580-LJO-JDP<br><br>ORDER GRANTING MOTION TO SEAL<br><br>ECF No. 84<br><br>FINDINGS AND RECOMMENDATIONS THAT THE MOTION SEEKING RELIEF FROM, OR ALTERATIONS TO, THE JUDGMENT BE DENIED<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS<br><br>ECF No. 83 |

Plaintiff Patricia A. McColm is a former prisoner proceeding in this now-closed civil rights action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act ("RA"). On September 11, 2019, the court dismissed the case based on plaintiff's repeated failures to cure pleading deficiencies and to comply with court orders. ECF No. 81. On October 8, 2019, plaintiff filed a motion seeking relief from, or alterations to, that judgment, ECF No. 83, as well as a motion to seal medical documents offered in support of the motion to amend, ECF No. 84. For the reasons below, the court will grant plaintiff's motion to seal and recommend to the district judge that the motion seeking relief from, or alterations to, the judgment be denied.

1

**DISCUSSION**

*Motion to Seal*

The legal standard for a motion to seal turns "on whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In general (though not always), this circuit treats "judicial records attached to dispositive motions differently from records attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Requests to seal documents attached to dispositive motions will be granted only if "compelling reasons" for sealing are shown; requests to seal documents attached to most non-dispositive motions will be granted if supported by "good cause." *Id*.

Reasonable minds might disagree as to whether a motion seeking relief from, or alterations to, the judgment in an already-closed case is best characterized as "dispositive." However, we need not resolve this question: even if the underlying motion is dispositive or "more than tangentially related to the merits of a case," the plaintiff's interest in protecting medical privacy constitutes a compelling reason to seal the records in this instance. *See Williams v. Nevada Dep't of Corr.*, No. 2:13-CV-941, 2014 WL 3734287, at *1 (D. Nev. July 29, 2014) (gathering cases and noting that "the need to protect medical privacy has qualified as a 'compelling reason,' for sealing records in connection with a dispositive motion"). The court will therefore grant plaintiff's motion to seal.

*Motion Seeking Relief From, or Amendment to, the Judgment*

The party seeking relief from a judgment under Rule 60(b) of the Federal Rules of Civil Procedure must show that one of the specifically enumerated conditions is present or that there are "extraordinary circumstances" justifying the reopening of a final judgment under Rule 60(b)(6), which contemplates "any other reason that justifies relief." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Here, plaintiff fails to identify any specific conditions that warrant relief, and her medical attachments do not show the kind of extraordinary circumstances that would explain the numerous delays over almost six years of litigation. Plaintiff's motion recapitulates arguments that she has stated numerous times previously. *See, e.g.*, ECF Nos. 67, 72, 73, 76, 77,

80.

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for such relief "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999) (en banc) (per curiam) (internal quotation marks and citations omitted). As stated above, plaintiff has identified no such unusual or extraordinary circumstances here.

**FINDINGS AND RECOMMENDATIONS**

For the reasons stated above, the undersigned recommends that plaintiff's motion seeking relief from, or alterations to, the judgment, be denied.

The undersigned submits the findings and recommendations to the district judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**ORDER**

Plaintiff's motion to seal, ECF No. 84, is granted. The clerk of court is directed to file the attached medical records under seal as Exhibits to the Motion at ECF No. 84.

IT IS SO ORDERED.

Dated: January 16, 2020

UNITED STATES MAGISTRATE JUDGE

3

No. 205.