UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. McCOLM,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, *et al*.,<br><br>  Defendants. | No.  1:14-cv-00580-NONE-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION SEEKING RELIEF FROM, OR ALTERATIONS TO, THE JUDGMENT<br><br>(Doc. Nos. 83, 85) |

Plaintiff Patricia A. McColm is a former state prisoner proceeding *pro se* in this now-closed civil rights action brought under 42 U.S.C. § 1983.  The matter was initially filed on April 22, 2014.  (Doc. No. 1.)  The court screened and dismissed plaintiff's initial complaint with leave to amend on February 26, 2015.  (Doc. No. 12.)  After being granted several extensions of time to do so extending over a period of more than two years, plaintiff finally filed an 80-page first amended complaint (FAC) on March 13, 2017.  (Doc. No. 42.)

In general, plaintiff complained in her FAC about treatment she allegedly endured while incarcerated at Central California Women's Facility (CCWF) in Chowchilla, California.  (*See* Doc. 47 at 2–5).  Among other things, plaintiff alleged that she has mobility issues and requires a wheelchair due to multiple medical conditions from which she suffers including multiple sclerosis, which impacts her cognitive function.  (Doc. No. 42 at 5.)  Plaintiff alleged that officials at CCWF failed to accommodate her disability in violation of the Americans With Disabilities

1

Act (ADA), failed to protect her from "extreme physical and emotion[al] abuse" at the hands of other inmates, and retaliated against her for her various complaints made about her treatment. (*See* Doc. 47 at 2–5.) On August 14, 2017, the then assigned magistrate judge issued findings and recommendations, reviewing the FAC in detail, and recommending that certain claims be dismissed without leave to amend, but that plaintiff be afforded another opportunity to amend to cure deficiencies noted with respect to other claims. (*See generally* Doc. 47.) The August 14, 2017 findings and recommendations provided detailed instructions about how plaintiff could cure the numerous deficiencies of her FAC, including clear warnings that plaintiff must make efforts to allege facts linking specific named defendants to the "bad things that happened to her," (*id*. at 6) as well as a warning that any amended complaint should be brief (*id*. at 18). After receiving a significant extension of time to do so (Doc. No. 49), plaintiff filed objections to the August 14, 2017 findings and recommendations. (Doc. No. 52.) On February 22, 2018, the previously assigned district judge adopted those findings and recommendations, dismissing certain of plaintiff's claims with prejudice and other claims with leave to amend. (Doc. No. 53.)

After again obtaining several extensions of time (Doc. Nos. 58, 60), plaintiff filed a second amended complaint (SAC). (Doc. No. 63.) Instead of abiding by the warnings previously given to her, however, plaintiff's 121-page SAC added back allegations that had previously been dismissed, including 72 named defendants and 100 "Doe" defendants. (*See* Doc. No. 75 at 4–5.) On June 12, 2019, the newly assigned magistrate judge issued findings and recommendations, again reviewing the case history in detail, and recommending that: (a) plaintiff's SAC be dismissed for failure to comply with federal pleading standards; (b) plaintiff not be afforded further leave to amend; and (c) the SAC be dismissed with prejudice. (Doc. No. 75.) Plaintiff filed objections to the June 12, 2019 findings and recommendations. (Doc. No. 80.) After considering the matter de novo in light of plaintiff's objections, on September 11, 2019, the previously assigned district judge adopted the findings and recommendations in full and dismissed the case with prejudice based on plaintiff's repeated failures to cure pleading deficiencies and to comply with court orders. (Doc. No. 81.)

/////

On October 8, 2019, plaintiff filed the pending motion seeking relief from, or alterations to, that judgment. (Doc. No. 83.) In her motion, which invokes Federal Rules of Civil Procedure 59(e) and 60(b), plaintiff asserts that her underlying claims are not deficient, that dismissal with prejudice is inappropriate under the circumstances, including in light of her disability. (*Id*.) Plaintiff has attached to her motion several letters from physicians including one, dated August 23, 2018, from a clinical professor of neurology who opines regarding the seriousness of the cognitive issues caused by plaintiff's multiple sclerosis. (Doc. No. 86 at 5.) Among other objections, plaintiff objects to dismissal of her complaint "without leave to amend merely because of its length without analysis of any cause on the merits and without appointment of counsel recommended by Plaintiff's physicians." (Doc. No. 83 at 5.) She also requests appointment of counsel. (Doc. No. 83 at 3.)

On January 17, 2020, the magistrate judge entered findings and recommendations, recommending that plaintiff's motion seeking relief from, or alterations to, the judgment dismissing the case be denied. (Doc. No. 85.) Plaintiff was given an opportunity to object to the findings and recommendations within fourteen days and objected on January 30, 2020. (Doc. No. 87.) In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case, including all of the medical records provided by plaintiff. Having carefully reviewed the entire file, the court finds the January 17, 2020 findings and recommendations to be supported by the record and proper analysis.

Although plaintiff invokes both Federal Rules of Civil Procedure 59(e) and 60(b), she may take advantage of the somewhat more lenient standard applicable under Rule 59 because she filed her motion within 28 days of entry of judgment. *See* Fed. R. Civ. P. 59(e); (*compare* Doc. No. 82 (filed Sep. 11, 2019), *with* Doc. No. 83 (filed Oct. 8, 2019)). Nonetheless, a motion for such relief "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (internal quotation marks and citations omitted). Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and